UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  24-CV-81378-RLR/BER

NADIA M. VERA,

      Plaintiff,

vs.

CEVICHE BEACH & GRILLE, LLC,
JAIME R. AREVALO,
LEDDA I. AREVALO,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT [ECF No. 22]

Plaintiff, Nadia Vera, renews her request for a default judgment of $25,342.34 in damages and $8,125.00 in attorney's fees and costs. ECF No. 22.

Ms. Vera filed a three-count complaint alleging violations of the Fair Labor Standards Act: Count I alleges unpaid overtime, Count II alleges failure to pay minimum wage, and Count III alleges retaliatory discharge. ECF No. 1. All three defendants were properly served with copies of the Complaint. ECF Nos. 7, 8, 9. No defendant answered the Complaint, so a clerk's default was entered. ECF No. 13. Ms. Vera moved for a final default judgment. ECF No. 17. Her original motion was denied in part; the well-pled allegations in Counts I and II of the Complaint did not state a claim under the FLSA for unpaid overtime or unpaid minimum wage. Count III stated a claim for FLSA retaliation.

Ms. Vera submitted an affidavit containing additional facts which cures the flaws in her original motion. Therefore, for the following reasons, it is RECOMMENDED that the motion be GRANTED IN PART and judgment be entered in favor of Ms. Vera, but not for the full amount sought.

## I.  DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 directs the clerk of court to enter a party's default if the party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). When default judgment is entered, "the defendant 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). The Eleventh Circuit has explained that this standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see also United States v. Genesis II Church of Health and Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (same). "'While a complaint . . . does not need detailed factual allegations,' a

plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusion, and formulaic recitation of the elements of the cause of action will not do.'" *Fernandez de Cordoba v. Flores*, No. 17-cv-20122, 2018 WL 1830805, at *2 (S.D. Fla. Jan. 10, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *report and recommendation adopted*, 2018 WL 1811945 (S.D. Fla. Feb. 9, 2018).

If the admitted facts are not sufficient to show liability, the Court can allow the movant to supplement the evidentiary record. Fed. R. Civ. P. 55(b)(2)(C), (D). If liability exists, the Court must then turn to the question of relief. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). After ascertaining the appropriate amount of damages, the Court must enter final judgment in that amount. *Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## II.     ELEMENTS OF PLAINTIFF'S CLAIMS

The elements of an FLSA unpaid overtime claim are: (1) the employee had either individual or enterprise coverage under the FLSA, (2) the employee worked unpaid overtime, and (3) the employer knew or should have known of the overtime work. *See, e.g., Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1315 (11th Cir. 2011); *Bailey v. TitleMax of Georgia, Inc.,* 776 F.3d 797, 801 (11th Cir. 2015); *Bautista Hernandez,* 34 F. Supp. 3d 1229, 1238 (S.D. Fla. 2014).

"An employee is subject to individual coverage if he is *directly* and *regularly* 'engaged in' interstate commerce." *Josendis,* 662 F.3d at 1315 (emphasis in original) (citing *Thorne v. All Restoration Servs. Inc.,* 448 F.3d 1264, 1266 (11th Cir.2006)). As the Eleventh Circuit has explained:

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne,* 448 F.3d at 1266 (citations omitted).

For an employee to have enterprise coverage under the FLSA, she must show she was "'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Josendis,* 662 F.3d at 1298–1299 (citing 29 U.S.C. § 207(a)(1)). An "[e]nterprise engaged in commerce or in the production of goods for commerce" is one that:

> (i) has employees engaged in [interstate] commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(i)-(ii).

The elements of an FLSA minimum wage claim are: (1) enterprise or individual coverage, (2) the employee worked more than 40 hours in at least one work week, and (3) the defendant failed to pay the premium for overtime hours. 11th Cir. Pattern

4

Civil Jury Instruction 4.14 (2024); *Gomes v. Amazing Brick Pavers, LLC*, No. 6:21-CV-1162, 2023 WL 4931013, at *5 (M.D. Fla. June 26, 2023).

The elements of an FLSA retaliation claim are: (1) the employee was engaged in statutorily protected activity, (2) adverse employment action by the employer, and (3) a causal connection between the employee's protected activity and the adverse employment action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). Individual or enterprise coverage is not a prerequisite to a retaliation claim. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1314 (S.D. Fla. 2012).

### III.   COMPLAINT ALLEGATIONS

Ms. Vera's complaint alleges the following material facts. Ceviche Beach & Grille LLC is operated by Defendants Jaime and Ledda Arevalo. ¶¶4, 23. She worked as a cook helper, dishwasher, and cleaning employee at Defendant Ceviche Beach & Grille, LLC. from August 10, 2024, until September 7, 2024. ¶¶ 9, 11, 32. Her hourly wage was $15. ¶10. While employed by Defendants, she worked seven days per week, 13 hours per day. ¶12. She was not paid overtime. ¶13. When amortized over her total hours worked, her actual pay was below the required minimum wage. ¶14. She complained multiple times to Mr. Arevalo about "the lack of payment of wages." ¶¶18, 82. Her employment was terminated shortly after she made those complaints. ¶19. She was not paid for her final week of work. ¶20.

The Complaint alleges both individual and enterprise coverage under the FLSA. The enterprise coverage allegation is:

> Defendant Ceviche Beach & Grill was and is engaged in interstate commerce as defined in §§3(r) and 3(s) of the Act. 29 U.S.C. §203(r) and

5

203(s)(1)(A). Defendant is a retail business operating as a Peruvian restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act. Applies. Therefore, there is FLSA enterprise coverage.

¶7. The individual coverage allegation is:

Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff had duties as a restaurant employee, and through her daily activities, Plaintiff participated in interstate commerce by regularly handling and working on goods and materials that were moved across state lines at any time during business. Therefore, there is individual coverage.

¶8.

## IV. AMENDED AFFIDAVIT OF INDEBTEDNESS

With her renewed Motion, Ms. Vera included an Amended Affidavit of Indebtedness. ECF No. 22-1. That affidavit provides the following facts that supplement the Complaint:

- The Defendant restaurant was open seven days a week and employed more than two employees, including cooks, dishwashers, and cleaning staff. *Id.* ¶7

- As part of the restaurant's daily operations Ms. Vera personally handled seafood, spices, produce, cleaning supplies, and packing materials that had been imported into Florida. *Id.* ¶8.

- The restaurant used a Point of Sale system that interfaced with national banking systems. *Id.* ¶9.

- "Based on my knowledge of the restaurant's size, customer volume, hours of operation, and pricing, its annual gross revenue exceeded $500,000." *Id.*¶10.

- Ms. Vera received, unpacked, and stocked goods that originated outside of Florida. *Id.* ¶11.

- Ms. Vera processed customer transactions using electronic systems linked to out-of-state banking institutions. *Id.* ¶12.

- Ms. Vera routinely cleaned and operated appliances manufactured outside of Florida. *Id.*

V.   DISCUSSION

Counts I and II now plausibly allege FLSA coverage. The Amended Affidavit includes facts that plausibly allege the $500,000 enterprise coverage threshold. The Amended Affidavit also alleges that Ms. Vera used interstate payment systems to process customer charges. That allegation is sufficient to show individual coverage.

Ms. Vera asks for $6,671.17 in overtime and minimum wages (Counts I and II), as well as $6000 in lost wages as her unliquidated damages on Count III. ECF No. 17-1 at 5; ECF No. 22 at 3; ECF No. 22-1 at 6. Ms. Vera also asks for liquidated damages. Because Defendants have not offered any evidence of good faith, liquidated damages are mandatory for Counts I and II. For Count III, the Court has "discretion to award, or not to award, liquidated damages, after determining whether doing so

would be appropriate under the facts of the case." *Moore v. Appliance Direct, Inc.,* 708 F.3d 1233, 1243 (11th Cir. 2013). Neither Ms. Vera's original motion nor her renewed motion address why she should be awarded liquidated damages on Count III. Accordingly, I find that she should be entitled to $19,342.34.[1]

Ms. Vera's counsel asks for $7515 in attorney's fees and $610 in costs. I find the attorney's hourly rate to be reasonable. I also find all of the requested time to be compensable. Counsel should be awarded $7515 in attorney's fees.

Taxation of costs is controlled by Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920. The requested costs comprise a single $405 filing fee, three $60 fees for service of the complaint, and $25 for copies and postage. The filing fee and service of process fees are taxable costs. 28 U.S.C. §1920(1). Postage is not taxable. *Katz v. Chevaldina,* 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015). Copying is only taxable if the copies were "necessarily obtained for use in the case." 28 U.S.C. §1920(4). Ms. Vera has not explained why these copies were necessary, so that request should be denied. *See, e.g., Dish Wireless LLC v. Town of Palm Beach Shores*, No. 23-CV-80487, 2025 WL 762297, at *2–3 (S.D. Fla. Mar. 5, 2025), *report and recommendation adopted*, No. 23-80487-CIV, 2025 WL 776609 (S.D. Fla. Mar. 11, 2025). For these reasons, Ms. Vera should be awarded $585 in costs.

---

[1] This total amount represents $6,671.17 in actual damages on Counts I and II, plus $6,671.17 in liquidated damages on those two causes of action, and recovery of $6,000 in lost wages for Count III.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT IN PART the motion for default judgment (ECF No. 22), awarding Plaintiff $19,342.34 in damages, $7515 for attorney's fees, and $585 in costs.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 7th day of May 2025.

_[signature]_

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE